William F. Salem, Appellant, v. John J. Hogan et al.,
Appellees.

Gen. No. 9,951.

Opinion filed July 20, 1944.
Rehearing denied October 3, 1944.

GEORGE S. McGAUGHEY, of Waukegan, for appellant.

HARRY A. HALL, State's Attorney of Lake County,
BERNARD M. DECKER and PAUL D. DOOLEN, both of
Waukegan, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the
court.

On November 13, 1941, William F. Salem filed a
petition in the circuit court of Lake county for a writ
of certiorari directed to John J. Hogan et al., the
board of supervisors of Lake county zoning board,
and the Lake county board of appeals. In his peti-
tion he recites that he is the owner and possessed of
certain lands in Lake county, Illinois, consisting of
approximately 110 acres on which there are improve-
ments consisting of various buildings; that shortly
after he came into possession of the premises, various
groups of people held picnics on his property between

1933 and 1939; that on April 25, 1939, the Lake county board of supervisors adopted a zoning ordinance for Lake county on all land located outside cities, villages, and incorporated towns; that the land in question is in "F" district; that paragraph 5 of section 7, of said zoning ordinance is the only applicable one in question, and is as follows: "Picnic grounds but not including any regular business or cabin camp development therein." The petition further alleges that at the time the zoning ordinance was passed, the petitioner was using his farm for general farming purposes and a fox farm. He further alleges: "Relator thereupon, without making any structural changes, converted the upper portion of the barn into a room which could be used for general picnic purposes, including dancing, converted a portion of the first floor into a room in which food and refreshments could be served, provided toilet facilities in the poultry house, placed certain kitchen facilities in a portion of the poultry house, converted the tool shed into a general purpose recreation room and built a large number of picnic tables and benches for outdoor use. That he inserted an 'ad' in the classified telephone directory under the classification of picnic groves, and caused certain pamphlets to be distributed and solicited the rental thereof for picnic purposes. That he invested between $5,000 and $6,000 in so improving his premises and in obtaining and building chattels to be used in conjunction therewith for picnic purposes, and in his advertising.

"That during the years 1940 and 1941, various organizations rented said premises and the facilities for picnic purposes and held picnics thereon. That relator did not engage in any activity upon said premises other than the rental thereof for picnic purposes and in assisting the various organizations in managing and operating their said picnics. That he does not operate a regular business or cabin camp development on said premises. That he does in fact rent said premises

and the various facilities thereon for picnic purposes or as a picnic grove.

"That on or about the 22nd day of July, 1941, the then Enforcement Officer and Chairman of the Zoning Enforcement and Plats Committee of the Lake County Board of Supervisors notified relator by mail to cease operating upon said premises a picnic grove, a copy of which notice is attached and marked Exhibit 'A.'

"That relator appealed from said order issued by said Zoning Enforcement Officer to the Zoning Board of Appeals of Lake County. That on or about the 24th day of October, 1941, the Zoning Board of Appeals filed in its office its decision upon said appeal, affirming the order theretofore issued to the Zoning Enforcement Officer, a copy of which said order is marked Exhibit 'B,' and attached."

The petition alleges that the decision of the zoning board of appeals is illegal and void, and asks that the court issue a writ of certiorari directing the Lake county zoning board of appeals to produce in court the documents, records, etc., pertaining to the order heretofore entered. The court so ordered and the Lake county board of appeals complied with the said order. Evidence was heard, at the close of which the court found in favor of the respondents, but modified the order entered by said board. The order entered by the trial court is, "That William F. Salem shall cease and desist in the operation of his picnic grove as a regular business development." It is from this order that William F. Salem has perfected an appeal to this court.

No question is here raised as to the validity of the zoning ordinance, nor was the same raised before the trial court. It is only a question of interpretation to be applied to that part of the ordinance which permits the use of his property as a picnic grove, but excludes any business development therein. There is very little, if any, dispute in regard to the material facts in the

case. It is conceded that the Salem property falls within section 7, "F" district (Farming).—Since the relator has remodeled his premises, he has had numerous picnic parties on the premises ranging in size from 50 to 5,000 persons. According to Mr. Salem's testimony, he can accommodate 10,000 persons on his premises. The question for this court to decide is whether the evidence shows that Mr. Salem is operating a picnic grove, or whether it is a business enterprise in connection with the picnic grove. On examination of the petition filed in this case, there is no mention that the grove was used for picnic purposes after the zoning ordinance in question was passed. In Mr. Salem's testimony, relative to the picnics that were held on his premises, there is no mention made of the use of the grove for picnic purposes by any of the various organizations, but he describes the other activities outside the grove. The only mention of the use of the grove in Mr. Salem's testimony is that some of the tables are placed in the grove.

The trial court in giving his reasons for his decision, uses this language: "The court believes the words 'picnic grove' imply simplicity and visualize woods or woods and waters, in or close to a state of nature, as distinguished from artificial and elaborate surroundings and conveniences and as distinguished from commercial settings. The court believes that instead of this being a picnic grove, it is in fact a well developed and extensively patronized amusement park.

"It will be noted that the words 'picnic grove' as used in the ordinance are further qualified by the words 'but not including any regular business  . . . development therein.' Without question, the use and exclusive use since 1940 has been that of a highly developed and regular business during the seasonable parts of the year."

In Webster's Home and Office Dictionary we find the word, "grove," to mean "a small shady wood."

Certainly the board of supervisors of Lake county, in passing this zoning ordinance, used the words "picnic grove," in the ordinary sense that those words are used, and while there are many kinds of picnics, it seems the purpose and intent of the ordinance was to confine the main activities of picnics to picnic groves; that is, to wooded or shady areas on the premises.

In the pamphlet advertising the "Salem Farm" for picnic purposes, there are 13 special reasons given why picnics should be held on the picnic grounds, but there is nothing mentioned about a grove or shade. It is conceded in the argument that on the premises of Mr. Salem, there is a grove of approximately three or four acres, but the abstract does not disclose there is any such grove on these premises.

From an examination of the record, we think the trial court was correct when he said, that without question, the exclusive use since 1940, has been a highly developed regular business during the seasonable parts of the year. Such use is a clear violation of the zoning ordinance.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*